LONG V STATE OF TEXAS



NO. 07-01-0244-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 30, 2001


______________________________



JOSEPH WADE LONG
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 13,166-C; HON. JACK D. YOUNG, PRESIDING


_______________________________



Before BOYD, C.J., QUINN, and JOHNSON, JJ.

 Joseph Wade Long (appellant) appeals his conviction for aggravated robbery. His
court-appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967), therein asserting that a review of the record shows no
reversible error. So too did she move to withdraw as appellant's counsel. Appellant was
informed, by his counsel and this court in writing, of his right to review the record and file
a pro se brief. The deadline by which he had to submit the pro se brief was October 22,
2001. To date, we have not received such a brief. 

 With regard to the Anders brief, appellant's counsel stated that she diligently
reviewed the record and that, in her opinion, it reflected no reversible error. Prior to so
concluding, counsel did note potential concern in various aspects of the trial. However,
she then explained why same did not warrant reversal. 

 We have conducted our own independent review of the record to assess the
accuracy of counsel's representations to this court. See Stafford v. State, 813 S.W. 2d 503
(Tex. Crim. App.1991) (requiring same). Upon doing so, we agree that counsel is correct
and that no reversible error appears of record. Appellant was properly indicted. The State
submitted evidence legally and factually sufficient to support appellant's guilt. The jury was
properly charged. (1) Furthermore, the punishment fell within the range allowed by statute. 
Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


 Brian Quinn 

 Justice 

 

Do not publish. 
1. Though an accomplice of appellant testified against him and the trial court omitted from its charge
an accomplice witness instruction, no one objected to the omission. Furthermore, because ample evidence,
aside from that provided by the accomplice, tied him to the crime, the omission did not give rise to egregious
harm.



, costs are taxed against 
Peachtree Construction, Ltd. and Peachtree Construction, Inc. per Rule 42.1(d) of the
Texas Rules of Appellate Procedure. 
 
                                                                           Patrick A. Pirtle

                                                                                 Justice